IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD MONCRIEF, | ) | |
| | ) | Civil Action No. 2:24-cv-724 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MOHAWK AREA | ) | |
| SCHOOL DISTRICT, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, RONALD MONCRIEF, by and through his attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action to redress the deprivation by the Defendant of the Plaintiff's civil rights, and in particular, the right to be free from illegal, invidious and damaging discrimination in his employment, which rights are guaranteed by the Constitution of the United States and the laws and statutes enacted pursuant thereto, and in particular, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. (as amended) ("Title VII") and the Civil Rights Act of 1991 (as amended). Declaratory relief is sought under, and by virtue of, Title 28 U.S.C. §§2201 and 2202.

2. Jurisdiction of this Honorable Court is founded upon Title 28 U.S.C. §§ 1331 and 1343(3), and by Title 42 U.S.C. §2000e.

3. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania and the Plaintiff resides in the Western District of Pennsylvania.

4. Plaintiff has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5, and in particular:

a. Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on or about March 16, 2023 and said charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

b. The EEOC issued a Notice of the Right to Sue dated February 21, 2024,

c. Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Dismissal and Right to Sue.

PARTIES

5. Plaintiff, Ronald Moncrief, is an African-American male who resides in Lawrence County, Pennsylvania.

6. Defendant, Mohawk Area School District, is a governmental entity and/or political subdivision of the Commonwealth of Pennsylvania with administrative offices located 385 Mohawk School Road, New Castle, Pennsylvania 16102.

7. At all times relevant hereto, Defendant was acting through its agents, subsidiaries, officers, employees and assigns acting within the full scope of their agency, office, employment or assignment.

FACTUAL ALLEGATIONS

8. Plaintiff was employed by the Defendant in various positions from in or about June of 2021 until his unlawful termination on or about March 8, 2023. At the time of the Plaintiff's unlawful termination, he held the position of Head Girls Basketball Coach.

9. In or about June of 2021, Plaintiff was hired as the Head Girls Basketball Coach.

10. From 2021 to 2022, Plaintiff was also employed as the Defendant's Part-Time Athletic Director.

11. On July 12, 2022, Defendant hired the Plaintiff as Full-Time Athletic Director.

12. Approximately one (1) week later, Defendant informed the Plaintiff that, because of the teacher's negotiations with the union, he could not work as the Full-Time Athletic Director and would instead remain Part-Time Athletic Director.

13. The Defendant then hired the Plaintiff in another position within the school district as a substitute. The position had a pay rate of $13.00 per hour for twenty (20) hours per week.

14. Additionally, at that time, Defendant ensured the Plaintiff that he would earn retroactive pay for the position of Athletic Director during that time, which was equal to $20,000.00 for six (6) months.

15. Throughout the Plaintiff's employment with the Defendant, there were very few African-American individuals employed by the Defendant and the Plaintiff was the only African-American coach and/or administrator employed by the Defendant.

16. Throughout the Plaintiff's employment with the Defendant, Plaintiff was subjected to harassment to which similarly-situated Caucasian employees were no subjected.

17. Defendant over-scrutinized the Plaintiff's job performance while similarly-situated Caucasian employees' job performances were not subjected to the same level of scrutiny.

18. By way of example, Defendant reprimanded the Plaintiff for failing to timely complete a financial plan showing the proposed fundraising and expenditures which similarly-situated Caucasian employees also failed to complete in a timely manner.

19. Similarly-situated Caucasian employees were not reprimanded for failing to timely complete the aforementioned paperwork.

20. On or about September 29, 2022, Plaintiff was threatened by a school board member's wife, Jennifer Pezzuolo ("Pezzuolo”).

21. At that time, Mrs. Pezzuolo told the Plaintiff that she would personally make sure that the Plaintiff would not coach and would no longer be the Athletic Director for the Defendant.

22. Thereafter, both Mrs. Pezzuolo and her husband bullied, targeted, and harassed the Plaintiff.

23. Plaintiff believe, and therefore avers, that he was subjected to harassment and targeted based on his race, African-American.

24. On September 29, 2022, Plaintiff contacted Defendant’s superintendent at that time, Mike Leitera (“Leitera"), and Dr. Lorre Houk, Assistant Superintendent, via email.

25. In that correspondence, Plaintiff reported Mrs. Pezzuolo's ongoing harassment, as more fully described hereinbefore above, complained of harassment and a hostile work environment, and made complaints of racial discrimination.

26. Thereafter, Defendant continued to over-scrutinize the Plaintiff’s job performance.

27. On or about October 18, 2022, Defendant subjected the Plaintiff to a *Loudermill* hearing for various alleged performance issues. As a result of that hearing, Plaintiff was suspended for three (3) days.

28.     Plaintiff believes, and therefore avers, that the provided reasons for subjecting him to a *Loudermill* hearing, as well as his subsequent suspension, were pretextual and unworthy of belief.

29.     Plaintiff believes, and therefore avers, that similarly-situated Caucasian employees and/or employees that did not complain of discrimination were not subjected to the same level of job scrutiny by the Defendant.

30.     Plaintiff believes, and therefore avers, that he was subjected to that *Loudermill* hearing based on his race, African-American, and/or in retaliation for his complaints of discrimination, as more fully described hereinbefore above.

31.     On or about November 7, 2022, Defendant presented the Plaintiff with a Last Chance Agreement.

32.     Plaintiff believes, and therefore aver, that Defendant's stated reasons for presenting him with that agreement were pretextual and unworthy of belief.

33.     Plaintiff believes, and therefore avers, that Defendant presented him with a Last Chance Agreement based on his race and/or in retaliation for his complaints of discrimination, as more fully described hereinbefore above.

34.     Plaintiff believes, and therefore avers, that similarly-situated Caucasian employees and/or employees that did not complain of discrimination were not subjected to the same level of job scrutiny and/or presented with Last Chance Agreements.

35.     On or about December 5, 2022, Defendant subjected the Plaintiff to a *Loudermill* hearing for various alleged performance issues.

36.     At that time, Defendant falsely accused the Plaintiff of not completing paperwork in November of 2022, which the Plaintiff had, in fact, completed and submitted to the Defendant.

37. Plaintiff again made complaints of discrimination by the Defendant based on his race, African-American, to the Defendant and, specifically, to Mr. Leitera.

38. At or about that time, Mr. Leitera threatened to terminate the Plaintiff from his position as Athletic Director.

39. Plaintiff was suspended by the Defendant as a result of the aforementioned *Loudermill* hearing.

40. Plaintiff believes, and therefore avers, that the Defendant's stated reasons for the aforementioned *Loudermill* hearing, as well as his subsequent suspension, were pretextual and unworthy of belief.

41. Plaintiff believes, and therefore avers, that similarly-situated Caucasian employees and/or employees that did not complain of discrimination were not subjected to the same level of job scrutiny and/or that the Defendant did not make baseless allegations against those employees.

42. Plaintiff believes, and therefore avers, that he was subjected to that *Loudermill* hearing based on his race and/or in retaliation for his complaints of discrimination, as more fully described hereinbefore above.

43. Thereafter, Plaintiff questioned Mr. Leitera about the retroactive payment for the Athletic Director position, as more fully described hereinbefore above, and notified the Defendant that he did not receive such payment. To date, Plaintiff has not received that retroactive payment from the Defendant.

44. On or about December 13, 2022, as a direct and proximate result of the threats by Mr. Leitera, as more fully described hereinbefore above, and the racially hostile work environment, Plaintiff was constructively discharged from the Athletic Director position.

45. On or about March 7, 2023, Plaintiff received a positive performance evaluation from the Defendant's assistant principal, David DiCaprio ("DiCaprio").

46. On or about March 8, 2023, Defendant informed the Plaintiff that he was being discharged from his position as Head Girls Basketball Coach, despite receiving a positive performance evaluation from Dr. DiCaprio, one (1) day prior.

47. Moreover, while Plaintiff was employed as Head Coach, the team experienced significant improvement from when he was hired.

48. Defendant did not provide the Plaintiff with a reason for his termination.

49. Plaintiff believes, and therefore avers, that he was terminated from his position as coach based on his race, African-American, and/or in retaliation for engaging in protected activity, to wit, making complaints of discrimination, harassment, and a hostile work environment based on his race, as described hereinbefore above.

50. Notably, other similarly-situated Caucasian employees were not threatened by Mr. Leitera and/or constructively discharged, and/or terminated by the Defendant, despite similarly-situated Caucasian employee having severe job performance issues, including, but not limited to, Defendant's football coach, Tim McCutchen.

51. Defendant replaced the Plaintiff in his position with a Caucasian individual.

52. As a direct and proximate result of Defendant's actions, as more fully described hereinbefore above, Plaintiff has been adversely affected financially and professionally.

COUNT I:

PLAINTIFF v. DEFENDANT

TITLE VII – RACE DISCRIMINATION

53. Plaintiff incorporates by reference Paragraphs 1 through 52 as though fully set forth at

length herein.

54. As described hereinbefore above, Plaintiff was discriminated against based upon his race, African-American, in that he was treated in a manner which is different than and disparate to that of other employees who were Caucasian, subjected to harassment and a racially hostile work environment, subjected to over-scrutiny of his job performance, subjected to *Loudermill* hearings, threatened by the Defendant, constructively discharged, and terminated from his position.

55. As a direct result of the Defendant's discriminatory actions and violations of Title VII of the Civil Rights Act of 1964, and The Civil Rights Act of 1991, the Plaintiff has lost wages and other economic benefits of his employment with the Defendant. The Plaintiff has also incurred counsel fees and other costs in pursuing his legal rights.

56. Additionally, the Plaintiff has suffered emotional, psychological, and physical distress, inconvenience, suffering, loss of reputation, humiliation and embarrassment as a direct result of the Defendant's discriminatory conduct as described above.

57. The actions of the Defendant, through its employees, were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

58. The actions on part of the Defendant are part of a plan, practice or pattern of discrimination which may affect others who are similarly situated to the Plaintiff.

    WHEREFORE, Plaintiff requests the following:

    a.    that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

    b.    that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

    c.    that the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant violation of the Civil Rights Act of 1991;

    d.    that the Court order the Defendant to return the Plaintiff to the position he held before he was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to his lost salary, salary raises, fringe benefits and all other rights to which he would have been entitled but for the Defendant's discriminatory conduct;

    e.    that the Court award the Plaintiff pre-judgment and post judgment interest from the date of the discrimination;

    f.    that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

    g.    that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED.

COUNT II:

PLAINTIFF v. DEFENDANT

TITLE VII - RETALIATION

59. Plaintiff incorporates by reference Paragraphs 1 through 58 as though fully set forth at length herein.

60. As described hereinbefore above, Plaintiff was retaliated against for engaging in protected activity. The retaliatory conduct included Defendant subjecting the Plaintiff to over-scrutiny of his job performance, subjecting the Plaintiff to *Loudermill* hearings, and terminating Plaintiff's employment.

61. As a direct result of Defendant's discriminatory actions, and in violation of Title VII, Plaintiff has lost wages and other economic benefits of his employment with the Defendant. In addition, the Plaintiff has and/or will incur counsel fees and other costs in pursuing his legal

rights. Plaintiff has also suffered from emotional distress, inconvenience, humiliation, defamation of character and stress.

62. The actions on the part of the Defendant, through its employees, were intentional and willful and/or done with a reckless disregard of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a. enter a judgement declaring the Defendant's actions to be unlawful and violative of Title VII of the Civil Rights Acts of 1964 and 1991;

b. that, in addition to the damages described hereinbefore above, the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant's violation of the Civil Rights Act of 1991;

c. that the Court order Defendant to pay pre and post-judgement interest on any award given to the Plaintiff;

d. that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and;

e. that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF v. DEFENDANT

PENNSYLVANIA HUMAN RELATIONS ACT

63. Plaintiff incorporates Paragraphs 1 through 60 as though fully set forth at length herein.

64. This is an action arising under the provisions of Pennsylvania law, to wit, Title 43 P.S. Section 951, et seq. (The "Pennsylvania Human Relations Act") and this Court has, and should exercise, pendent jurisdiction over the same because the cause of action complained of in this Count arises out of the same facts, events and circumstances as the other counts and therefore

judicial economy and fairness to the parties dictate that this count be brought in the same Complaint.

65. As described hereinbefore above, the Defendant discriminated against the Plaintiff based on his race, African-American, and retaliated against for complaining of racial discrimination.

66. By discriminating against the Plaintiff without just cause or legal excuse and solely because of his race, and by permitting the discrimination against the Plaintiff as aforementioned, the Defendant has violated the provisions of Title 43 P.S. Section 955 which prohibits discrimination based upon race and sex with respect to compensation for, continuation in and tenure of, employment as well as prohibiting the aiding and abetting of such discrimination.

67. As a direct result of the Defendant's discriminatory actions and violations of the PHRA, the Plaintiff has lost wages and other economic benefits of his employment with the Defendant. In addition, the Plaintiff has incurred counsel fees and other costs in pursuing his legal rights. The Plaintiff has also suffered from and continues to suffer emotional distress, inconvenience, humiliation, defamation of character, loss of standing among his peers and stress.

68. As more fully set forth hereinabove, the Plaintiff has suffered, directly and solely as a result of the Defendant's discriminatory actions, great pecuniary loss and damage, as well as pain, suffering, inconvenience, damage to Plaintiff's reputation, and other damages which, together with the forgoing may be permanent in nature. Plaintiff now suffers these damages, and will continue to suffer the same for the indefinite future.

69. The actions on the part of the Defendant, through its employees, were intentional and willful and/or done with a reckless disregard of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a. that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative the PHRA

b. that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c. that the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant's actions being unlawful and violative of the PHRA;

d. that the Court award the Plaintiff pre-judgement and post-judgement interest from the date of the discrimination;

e. that the Court award the Plaintiff reasonable attorney's fees and costs of this action; and

f. that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: May 17, 2024